UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHASHI GUPTA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALEJANDRO MAYORKAS, as Secretary of Homeland Security, et al., <br><br> Defendants. | No. 24 CV 4572 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Plaintiff Shashi Gupta, a citizen of India, is the mother of plaintiff Prashant Gupta, a United States citizen. They filed this lawsuit against the Department of Homeland Security and the United States Citizenship and Immigration Services seeking judicial review of agency's decision denying Shashi Gupta's adjustment-of-status application. Defendants move to dismiss the complaint for lack of subject-matter jurisdiction. For the reasons discussed below, defendants' motion to dismiss is granted.

I. Legal Standards

Federal Rule of Civil Procedure 12(b)(1) governs dismissals based on a lack of subject-matter jurisdiction. "In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge is one where there is "in fact" no subject matter jurisdiction, even if the pleadings are sufficient.

*Id.* A facial challenge is one where the plaintiff has not "sufficiently alleged a basis of subject-matter jurisdiction." *Id.* (internal quotations omitted).

The defendants present a facial challenge to subject-matter jurisdiction. The plaintiffs bear the burden of establishing jurisdiction. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## II. Facts

Plaintiff Prashant Gupta is a U.S. citizen living in Cook County, Illinois. [1] ¶ 9.[1] His mother, plaintiff Shashi Gupta, is a citizen of India. [1] ¶ 22. Ms. Gupta entered the United States in March 2023 on a visitor visa. [1] ¶ 23. That same month, Mr. Gupta filed an I-130 visa petition to classify Ms. Gupta as an immediate relative parent of a U.S. citizen to give her a legal basis to adjust her to permanent resident status. [1] ¶ 24. A few weeks later, Ms. Gupta filed a Form I-485 application to adjust her status to permanent residency. [1] ¶ 25. The agency requested additional information from Mr. Gupta, and he substantially complied. [1] ¶ 26–27.[2] A year later, the agency denied Ms. Gupta's application, finding that no affidavit of support

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's complaint, [1].

[2] The agency requested federal tax returns from 2022, and Mr. Gupta responded by stating he had filed for an extension in 2022, but included his 2021 federal income tax returns, a letter from his investment bank, a copy of his investment account statement, and a copy of a trust. [1] ¶ 27.

had been submitted as requested, and that there was no evidence of federal income tax returns or evidence that an extension had been filed. [1] ¶ 28.

Plaintiffs allege under the Administrative Procedure Act, 5 U.S.C. §§ 701–06, that the decision denying Ms. Gupta's adjustment-of-status application was arbitrary, capricious, and unlawful. [1] ¶¶ 1–2.

### III. Analysis

Defendants argue that 8 U.S.C. § 1252(a)(2)(B)(i) deprives this court of subject-matter jurisdiction over the Guptas' complaint. Federal courts are courts of limited subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may only hear cases if granted the power to do so by the Constitution and statutes. *Id.* In the APA, Congress gave federal courts the power to review agency action otherwise not reviewable. *Britkovvy v. Mayorkas*, 60 F.4th 1024, 1027 (7th Cir. 2023). "But Congress has sharply limited judicial review in the immigration context." *Id.* "[T]he APA's general provision authorizing judicial review of final agency actions must yield to… immigration-specific limitations." *Dijamco v. Wolf*, 962 F.3d 999, 1003 (7th Cir. 2020) (citing *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 574 (7th Cir. 2017)).

Section 1252 "prescribes the procedure for judicial review of final orders of removal and otherwise strips courts of jurisdiction to review orders of removal and denials of discretionary relief." *Britkovvy*, 60 F.4th at 1028. The jurisdiction-stripping provision reads, 8 U.S.C. § 1252(a)(2)(B):

> Notwithstanding any other provision of law (statutory or nonstatutory), … and except as provided in subparagraph (D),

3

and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—

> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title.

The statute does "preserve[] judicial review in a narrow set of circumstances": for "legal and constitutional claims…brought in a petition for review from a final order of removal." Section 1252(a)(2)(D); *Britkovvy*, 60 F.4th at 1028. But the Guptas seek review of a discretionary decision under § 1255. Ms. Gupta has not been ordered removed. The statute "precludes judicial review of the denial of [Ms. Gupta's] adjustment-of-status application, and § 1252(a)(2)(D) is inapplicable because [Ms. Gupta] has not received a final order of removal." *Britkovvy*, 60 F.4th at 1028. I do not have subject-matter jurisdiction over this case.

Plaintiffs argue that § 1252 does not apply to discretionary decisions made outside of removal proceedings. [10] at 4. They argue that the Supreme Court, in *Patel v. Garland*, 596 U.S. 328 (2022), left open the question of whether § 1252(a)(2)(B) allows judicial review in non-removal proceedings. But the court of appeals did address this question and did not limit its application to removal proceedings. *Britkovvy*, 60 F.4th at 1028. The word "regardless" makes "clear" that courts lack jurisdiction to review USCIS adjustment-of-status decisions. *Id.* at 1030.

Moreover, *Patel* supports the reading that courts have no jurisdiction over these decisions. In *Patel,* the Supreme Court "considered whether § 1252(a)(2)(B)(i) precludes judicial review of 'factual findings that underlie a denial of relief' and concluded that it does." *Id.* at 1028 (quoting *Patel*, 596 U.S. at 331, 347). The Court

4

concluded that the definition of "judgment" in § 1252(a)(2)(B) includes "any and all decisions relating to the granting or denying of discretionary relief," including factual findings. *Patel*, 596 U.S. at 337–38 (internal quotations omitted). Because the Supreme Court's definition of "judgment" is so broad, it "supports the conclusion that § 1252(a)(2)(B)(i) prevents a noncitizen from using the APA to challenge an adjustment-of-status denial by USCIS." *Britkovvy*, 60 F.4th at 1028. This includes denials outside the removal context. *See id.*; *Momin v. Jaddou*, 113 F.4th 552, (5th Cir. 2024) ("[E]very court of appeals to consider the question has held that the jurisdictional bar applies outside the removal context—including to USCIS denials of adjustment of status."); *Hatchet v. Andrade*, 106 F.4th 574 (6th Cir. 2024) ("Because *Patel*'s logic applies with equal force to review of USCIS discretionary-relief decisions made outside of the removal context, we hold that we lack subject-matter jurisdiction to review the fact findings at issue in this case."); *Abuzeid v. Mayorkas*, 62 F.4th 578, 584 (D.D.C. 2023) (finding the "regardless" clause makes clear federal courts have no jurisdiction even outside the removal context); *Lee v. USCIS*, 592 F.3d 612, 619 (4th Cir. 2010) (same). Even though the decision here was made outside the removal context, the jurisdiction-stripping provision of the statute applies, and I have no jurisdiction to hear the case.

Plaintiffs claim that the change to the REAL ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 302 (2005), adding the language "regardless of whether the judgment, decision, or action is made in removal proceedings…", supports the reading that Congress intended the jurisdiction-stripping provision to apply only in removal

5

proceedings. [10] at 6–7. But the court in *Britkovvy* rejected this argument: "when the meaning of the statutory text is clear, we do not venture into legislative history." *Britkovvy*, 60 F.4th at 1031 (quoting *Singh v. Sessions*, 898 F.3d 720, 725–26 (7th Cir. 2018)). Even if the legislative history is considered, the "report [accompanying the act's amendments] does not reflect congressional intent to provide judicial review of USCIS's decision here, which falls outside the scope of § 1252(a)(2)(D)." *Id.* at 1031 n.*. The language in the REAL ID Act does not limit the provision to removal proceedings.

Plaintiffs also refer to amicus curiae briefs in *Bouarfa v. Mayorkas*, No. 23-583 (petition for cert. granted Apr. 29, 2024). However, the question presented in *Bouarfa* is "Whether a visa petitioner may obtain judicial review when an approved petition is revoked on the basis of nondiscretionary criteria." Sup. Ct. of the United States, Granted & Noted List, October Term 2024 Cases for Argument, *Bouarfa v. Mayorkas*, No. 23-583, https://www.supremecourt.gov/qp/23-00583qp.pdf. The question presented does not address the question of judicial review for discretionary decisions outside the removal context, and the Supreme Court may not reach the issue. Until the Supreme Court holds otherwise, I am bound by the Seventh Circuit's holding in *Britkovvy*.

## IV. Conclusion

Defendant's motion to dismiss, [6], is granted, and the complaint is dismissed without prejudice for lack of subject-matter jurisdiction. Enter judgment and terminate civil case.

ENTER:

                                                Manish S. Shah
                                               United States District Judge

Date: October 11, 2024